**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |   |
|---|---|---|
| United States of America, | ) | CR-12-557-PHX-LOA |
|  | ) |  |
| Plaintiff, | ) | **ORDER** |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| Jesse Vela, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

This case is before the Court on Defendant's Motion to Set Sentencing on Same Date as Change of Plea Hearing, requesting a waiver of a pre-sentence investigation report and probation interview so that Defendant's sentencing may be conducted on the same day as his initial appearance plea of guilty. (Doc. 6) Defendant's request presents issues that are not as simple as they might seem.

Defendant represents, and the docket confirms, that his initial appearance, arraignment and possible guilty-plea hearing are scheduled for Thursday, May 3, 2012 at 1:30 p.m. before the undersigned Magistrate Judge. The motion indicates that the Government has been consulted regarding Defendant's request that sentencing be conducted on the same day as his plea of guilty and it has no objection. According to defense counsel, "Mr. Vela has agreed to plead to a violation of Title 18, U.S.C. § 641, theft of government property in an amount less than $1,000.00, a misdemeanor offense. Mr. Vela will plead to

an Information and waive the presentment of an Indictment."[1] (*Id.* at 2)

Title 18 U.S.C. § 641 criminalizes the theft of a "thing of value of the United States." 18 U.S.C. § 641. "The statute provides two tiers of penalties depending on the value of the stolen property. If the value exceeds $1,000, the court can sentence the defendant to a maximum of ten years in prison." *United States v. Ligon*, 440 F.3d 1182, 1184 (9th Cir. 2006) (citing 18 U.S.C. § 641). If this offense is "'[p]unishable' by a term of imprisonment 'exceeding one year,' it constitutes a felony. 18 U.S.C. § 1(1). If the value is $1,000 or less, however, the maximum sentence is one year, 18 U.S.C. § 641, which makes the offense a misdemeanor." *Id.* (citing 18 U.S.C. § 1(2)). More specifically, 18 U.S.C. § 3559(6) indicates that if the maximum term of imprisonment authorized is "one year or less but more than six months, [the crime is] a Class A misdemeanor[.]" While the Sentencing Guidelines do not apply to Class B or C misdemeanors, *United States v. Walker*, 404 Fed.Appx. 201 (9th Cir. 2010) (citing U.S.S.G. § 1B1.9 which provides that the Sentencing Guidelines do not apply to Class B misdemeanors), the Guidelines apply to a Class A misdemeanor conviction. *United States v. Maul*, 205 Fed.Appx. 456, 458 (7th Cir. 2006) (citing, among others, 18 U.S.C. § 3559(6)); *see also*, 18 U.S.C. § 3553(b) (entitled "Application of guidelines in imposing a sentence.[]"[2]); U.S.S.G. Manual, Ch. 1, Pt A, Note 5, p. 11 ("[T]he

---

[1] A defendant does not have a Fifth Amendment right to proceed by indictment on a class A misdemeanor. Rule 7(a)(2), Fed.R.Crim.P. ("**Misdemeanor**. An offense pun-ishable by imprisonment for one year or less may be prosecuted in accordance with Rule 58(b)(1) [which provides '[t]he trial of a misdemeanor may proceed on an indictment, information, or complaint']."); *see also*, *Kordel v. United States*, 335 U.S. 345, 348 n. 3 (1948) (Because "[t]he maximum penalty was imprisonment for not more than a year, or a fine of not more than $1,000, or both[, p]rosecution by information was therefore authorized by the statute[,] citing *Duke v. United States*, 301 U.S. 492, (1937) and Rule 7(a) of the Federal Rules of Criminal Procedure); *Taylor v.United States*, 142 F.2d 808, 816 (9th Cir. 1944).

[2] Title 18 U.S.C. § 3553(b)(1) provides, in relevant part:

In general . . . In the absence of an applicable sentencing guideline in the case of an offense *other than a petty offense*, the court shall also have due regard for the

guidelines will apply to more than 90 percent of all felony and Class A misdemeanor cases in the federal courts. . . .")

Assuming Defendant voluntarily consents to proceed before the undersigned Magistrate Judge at his initial appearance in accordance with 18 U.S.C. § 3401, 28 U.S.C. § 636(a)(3), (5) for all further proceedings, the Court must calculate a Guideline sentence and apply any applicable upward adjustments and downward departures. In the wake of *United States v. Booker*, 543 U.S. 220 (2005), a district or magistrate judge may use his or her discretion to impose a sentence either within the Guidelines range or outside of it, relying on the sentencing factors set out in 18 U.S.C. § 3553(a).[3] Even though the Guidelines are advisory, a criminal defendant's sentence must not be predicated upon "[s]ignificant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. . . . " *Gall v. United States*, 552 U.S. 38, 51 (2007). "To be reasonable, [a defendant's] sentence must be based on an accurate calculation of the applicable sentencing guidelines range." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1193 (9th Cir. 2011) (citing *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (setting forth the analytical process to

---

relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

Title 18 U.S.C. § 3553(b)(1) (emphasis added). Title 18 U.S.C. § 19 (1988) defines a "petty offense" as "[a] Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than [$5,000.00] the case of an individual . . . ."

[3] Section 3553(a)(2)(A)-(D) sets forth four categories to be considered when imposing a Guideline sentence. Summarized, these four factors are: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) the need to afford adequate deterrence; (3) the need to protect the public from further crimes by the defendant; and (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional services in the most effective manner.

impose a lawful sentence)). "All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly. In this sense, the Guidelines are the starting point and the initial benchmark[.]" *Carty*, 520 F.3d at 991 (internal quotation marks and citation omitted); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011).

In view of the foregoing issues, the Court will deny Defendant's motion without prejudice. Nevertheless, defense counsel may orally re-urge the motion at the change-of-plea proceeding *if* Defendant elects to consent to proceed before the undersigned for all further proceedings; the parties stipulate to a guideline sentence calculation or Defendant's counsel provides the Court with a sentencing memorandum setting forth a calculation of the applicable sentencing guideline range and the in-court duty probation officer concurs in its accuracy; Defendant has appeared as directed by pretrial services and the Court is provided with a pretrial services report; there is no restitution owed or the parties stipulate to the restitution amount; and the Government has complied with its obligation to ensure that the victim was afforded its applicable rights under 18 U.S.C. § 3771(a).[4]

---

[4] Title 18 U.S.C. § 3771(a) provides a crime victim with the following rights:

(1) The right to be reasonably protected from the accused.

(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

(5) The reasonable right to confer with the attorney for the Government in the case.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Set Sentencing on Same Date as Change of Plea Hearing, doc. 6, is **DENIED** without prejudice.

Dated this 18th day of April, 2012.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge

---

(6) The right to full and timely restitution as provided in law.

(7) The right to proceedings free from unreasonable delay.

(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

Title 18 U.S.C. § 3771(a). Title 18 U.S.C. § 3771(d) also imposes on the judiciary an affirmative obligation to "ensure" that those rights are "afforded." *Id.* § 3771(b); *Kenna v. United States District Court for the Central District of California*, 435 F.3d 1011 (9th Cir. 2006) (holding that the district court erred in refusing to allow victims to speak at defendant's sentencing hearing); *United States v. Mahon*, 2010 WL 94247 (D.Ariz. January 5, 2010).